The Honorable Sue Madison State Senator 573 Rock Cliff Road Fayetteville, Arkansas 72701
Dear Senator Madison:
I am writing in response to your request for an opinion on the following:
 The University of Arkansas has re-instated their apprentice training program in the Facilities Management Department (formerly known as the Physical Plant). Applicants selected for this program will have a journeyman's license in their chosen field (e.g. electrical, plumbing, HVAC) upon successful completion of the four years training course while working for Facilities Management. Current employees are encouraged to apply. The apprenticeship is Grade 11. Some of the employees who apply are in a higher pay grade.
 1. Does acceptance into the apprenticeship program constitute a voluntary demotion and does Arkansas Code Annotated § 21-5-211(b)(1)(C) apply to these employees?
 2. If so, does the law demand an 8% pay reduction or does it set an 8% cap on the pay reduction for an employee moving down two or more pay grades?
RESPONSE
In my opinion, the question of whether acceptance into the apprenticeship program would constitute a voluntary demotion and thus whether A.C.A. §21-5-211(b)(1)(C) would apply is a question of fact dependent on whether the new position requires fewer qualifications than the prior position. With respect to your second question, it is my opinion that the plain and ordinary language of A.C.A. § 21-5-211(b)(1)(C) contemplates a mandatory 6% reduction in salary and an additional discretionary reduction in pay not to exceed 8% total when an employee is demoted two or more grades.
Question One: Does acceptance into the apprenticeship program constitutea voluntary demotion and does Arkansas Code Annotated § 21-5-211(b)(1)(C)apply to these employees?
Demotion is defined in the pertinent chapter of the Arkansas Code as:
 [T]he change in duty assignment of an employee from a position in one classification to a position in another classification of a lower salary grade requiring fewer qualifications such as lower skill requirements, less job-related experience, and a lower level of responsibility[.]
A.C.A. § 21-5-203(4) (Repl. 2004).
In the situation described in your request for an opinion, an employee is voluntarily applying for a position of a lower pay grade. The question of whether this voluntary application is a demotion would then depend on whether the new position required fewer qualifications. See, e.g. A.C.A. § 21-5-203(4); and Department of Finance and Administrate, Office of Personnel Management Policy and Procedure Manual § 220.8.1. I have not been provided with information regarding the qualifications for the apprenticeship program. As noted above, absent specific information regarding the qualifications of the positions involved, I cannot make a factual determination as to whether a "demotion" has occurred. If a finder of fact determines that a "demotion" does occur in the situation described, employees who choose to pursue a position in the apprenticeship program would likely be considered voluntarily demoted.
If a finder of fact determined that acceptance into the apprenticeship program was a demotion, the language of A.C.A. § 21-5-211(b)(1)(C) would be applicable in determining annual pay. By its plain language, A.C.A. §21-5-211(b)(1)(C) determines the maximum annual salary rate for covered employees who have been demoted, either voluntarily or involuntarily.
Question Two: If so, does the law demand an 8% pay reduction or does itset an 8% cap on the pay reduction for an employee moving down two ormore pay grades?
In my opinion, the clear and unambiguous language of A.C.A. §21-5-211(b)(1)(C) contemplates a mandatory 6% reduction and an additional discretionary reduction in pay up to an 8% total reduction when an employee is demoted two or more pay grades.
Arkansas Code Annotated § 21-5-211(b)(1)(C) provides a procedural framework for determining the annual salary of an employee who is demoted. Specifically, the code provides that:
 When an employee is demoted for cause or voluntarily solicits a demotion, his or her rate of pay shall be fixed in the lower-graded position at a rate equal to six percent (6%) less than the employee's rate of pay at the time of demotion for demotions of one (1) grade and a maximum of eight percent (8%) less than the employee's rate of pay at the time of demotion for demotions of two (2) or more grades[.]
A.C.A. § 21-5-211(b)(1)(C) (emphasis added) as amended by Act 2198 of 2005.
When interpreting statutes, a court will not construe any word to be superfluous and give each word its plain and ordinary meaning. Macsteel,Parnell Consultants v. Ark. Ok. Gas Corp., ___ Ark. ___, S.W.3d ___(June 23, 2005). When reading this statute, if a demotion is of a single grade, the language very clearly states that the new salary shall beequal to six percent (6%) less than the demotee's previous salary. When an employee is demoted two or more grades, the statute refers to amaximum salary reduction of eight percent (8%). This language demonstrates that the statute contemplates that the salary reduction when an employee is demoted two or more pay grades will be no greater than 8% of the employee's previous salary.
A court will not read a statute to produce an absurd result. CloverleafExpress v. Fouts, ___ Ark. ___, S.W.3d ___(Apr. 27, 2005). In my opinion, it would be absurd to read this statute to allow for a salary reduction of less than six percent (6%) when an employee is demoted two or more pay grades when a demotion of one pay grade requires a six percent (6%) salary reduction. In my opinion, this statute should be read to mean that when an employee is demoted two or more pay grades that the employee's salary will be reduced by at least six percent (6%) but no more than eight percent (8%).
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JMD/cyh